UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| BOTROS GHALO GIRGIS ABDELSAYED, Individually and a/n/f/ of M.A., a minor AND TEREZA EBAID NASHED,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL OKELLEY CATHEY AND MM & R TRANSPORTATION, INC.,<br><br>Defendants. | §§§§§§§§§§§§§§§ Civil Action No. 4:23-CV-549-BJ |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Michael Okelley Cathey and MM&R Transportation Inc. (collectively the "Defendants")' Motion to Dismiss for Failure to State a Claim ("Motion") [doc. 46], filed October 16, 2023. In their Motion, Defendants argue that Plaintiffs cannot properly plead negligence *per se* causes of action for alleged violations of Texas Transportation Code Sections 545.301, 545.351, and 545.062. (Defendants' Motion to Dismiss ("Defs.' Mot.") at 1–6). In their response, Plaintiffs agree that the relevant sections of the Texas Transportation Code cannot support a negligence *per se* cause of action and point out that they have previously amended their complaint to remove their negligence *per se* claims. (*See* Plaintiffs' Response ("Pls.' Resp.") at 1–2; *compare* ECF 9 (Plaintiffs' Amended Complaint) *with* ECF 41 (Plaintiffs' Second Amended Complaint)). Plaintiffs assert that, since there is no negligence *per se* cause of action to be dismissed, Defendants' Motion is moot. (Pls.' Resp. at 2).

It is well established that Texas Transportation Code Sections 542.301, 545.351, and 545.062 incorporate an ordinary negligence standard and, thus, cannot be actionable under a

negligence *per se* theory. *See Gould v. Wood*, No. 3:18-CV-786-K-BN, 2019 WL 1930053, at *6 (N.D. Tex. Apr. 4, 2019); *see also Sanchez v. Swift Transp. Co. of Arizona, LLC*, No. 4:15-CV-15-LG, 2017 WL 5654909, at *3 (W.D. Tex. May 30, 2017). While, in a negligence claim, it is unnecessary to reference a statute that provides an ordinary standard of care, doing so does not transform a negligence claim into a negligence *per se* claim. *Ellis v. Klawonn*, No. 4:21-CV-977-SDJ, 2023 WL 3993043, at *7 (E.D. Tex. June 8, 2023). Therefore, Plaintiffs' references to the Texas Transportation Code do not transform their negligence claim into a negligence *per se* claim and the Court will not treat it as such. Accordingly, because there is no negligence *per se* claim to be dismissed, the Court finds that Defendants' Motion is moot.

Based on the foregoing, it is **ORDERED** that Defendants' Motion to Dismiss [doc. 46] is **DENIED** as moot.

SIGNED November 28, 2023.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE